**IT IS ORDERED as set forth below:**



Date: December 15, 2020

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**Allen Laurence Richardson,**<br><br>aka Allen Lawrence Richardson,<br><br>     Debtor(s). | CHAPTER 13<br>CASE NO.: 19-68019-lrc |
| **Selene Finance LP,**<br>                                  Movant,<br>v.<br><br>**Allen Laurence Richardson,**<br>     Debtor(s),<br>**Melissa J. Davey,**<br>     Trustee,<br><br>                              Respondents. | CONTESTED MATTER |

**CONSENT ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY**
**(Docket #41)**

This matter comes before the Court on the Motion for Relief from Automatic Stay filed by Selene Finance LP its successors and assigns, on April 7, 2020 and having been rescheduled for a hearing on November 10, 2020 regarding real property now or formerly

known as 2979 North 54th Street, Milwaukee, Wisconsin 53210 (hereinafter referred to as the "Property").  The parties herein having reached an agreement,

The parties herein are in agreement that the post-petition mortgage arrearage owed to Movant as of November 10, 2020 is $7,376.65. This figure is comprised of the eleven (11) payments in default from 01/1/2020 - 11/1/2020 at $634.55 each, less $634.40 in suspense, plus attorney fees and costs of $1,031.00. Debtor(s) will be required to cure the arrearage of $7,376.65 by making payments to Movant in the amount of $819.63 for the next eight (8) consecutive months, with a ninth (9) and final payment of $819.61 to be tendered on or before the fifteenth (15) day of each month beginning December 15, 2020.

Payments should be made to:

Selene Finance LP
9990 Richmond Ave, Suite 400 South
Houston, TX 77042

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

Debtor(s) shall be required, beginning December 1, 2020 to pay to Movant all future monthly mortgage payments when due according to the Deed and Note. These mortgage payments as well as the payments necessary to cure the post-petition mortgage arrearage shall be governed by  strict  compliance terms outlined in the paragraph immediately following this paragraph and said terms shall remain in effect for a period of twelve (12) months beginning December 1, 2020. Upon failure by Debtor(s) to make any of the future monthly mortgage payments to Movant when due according to the Deed and Note, the Automatic Stay may be modified as to the Property subject to the following conditions and allow Movant to proceed to foreclose or otherwise dispose of the Property

or take action including exercising its state law remedies including, but not limited to, dispossessory proceedings, or to take any action which is necessary in order for Movant to recover upon its secured claim to the Property.

Upon failure by the Debtor(s) to tender to Movant the above-stated funds as provided herein, Movant must send notice of default by first class mail to Debtor(s) and Debtor(s)' attorney at the address indicated on the attached distribution list. Debtor(s) shall have fourteen (14) days from the date of the default notice to cure the default. In the event that Debtor fails to timely cure the default, Movant must provide the Chapter 13 Trustee with twenty (20) days notice of the failure to cure default. During said twenty-day period, the Trustee may file a Motion to Convert the Case to a Chapter 7 proceeding or a Motion to Sell the subject property. If the Trustee does not file either of the above described motions within the twenty-day period, Movant may file a Motion and Affidavit of Default with the Court, with service upon the Debtor(s) and Debtor(s) attorney, and the Chapter 13 Trustee, and the Court may enter an Order modifying the automatic stay, waiving the 14-Day Stay of Bankruptcy Rule 4001(a)(3), without further notice or hearing.  In the event an Order modifying the automatic stay is entered, Trustee is to cease funding any pre-petition arrearage claim.

Any excess proceeds derived from a foreclosure sale by Movant shall be remitted to the Chapter 13 Trustee. At its option, Movant may contact Debtor(s) via telephone or written correspondence to offer, provide or enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement including a deed in lieu as allowed by state law. The entry of this order does not absolve Debtor(s) of the duty to file any necessary pleadings,

amendments, or plan modifications that may be required with regard to such a loan modification.

**[END OF DOCUMENT]**


PREPARED BY:

/s/ Andrea L. Betts
Andrea L. Betts
GA Bar # 432863
Robertson, Anschutz, Schneid & Crane, LLC
10700 Abbott's Bridge Road, Suite 170
Duluth, GA 30097
Telephone: 470-321-7112
Fax: 404-393-1425
E-mail: abetts@rascrane.com
ATTORNEY FOR MOVANT

CONSENTED TO:


/s/ __Howard P. Slomka_____ *with express permission*
Howard P. Slomka
Georgia Bar No. 652875
6400 Powers Ferry Road, Suite 391
Atlanta, GA 30339
Telephone: (404) 800-4001
Facsimile: 888-259-6137

NO OPPOSITION:

/s/ _____Mandy K. Campbell_____ *with express permission*
Mandy K. Campbell
Georgia Bar # 142676
Attorney for Chapter 13 Trustee
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303
Telephone: (678) 510-1444

## **DISTRIBUTION LIST**

Shawn J. Eisenberg
Slipakoff and Slomka, PC
Suite 2100
3350 Riverwood Parkway
Atlanta, GA 30339

Howard P. Slomka
6400 Powers Ferry Road, Suite 391
Atlanta, GA 30339

Allen Laurence Richardson
574 Haralson Drive SW
Lilburn, GA 30047

Melissa J. Davey
Melissa J. Davey, Standing Ch 13 Trustee
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303

Robertson, Anschutz, Schneid & Crane, LLC
10700 Abbott's Bridge Road
Suite 170
Duluth, GA  30097